Dwight MASON, Appellant,

v.

STATE of Texas, Appellee.

No. 11–01–00304–CR.

Court of Appeals of Texas, Eastland.

Jan. 16, 2003.

William Everett Seymore, Lubbock, for appellant.

Ricky Smith, Dist. Atty., Lamesa, for appellee.

Panel consists of ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.*

Opinion

BOB DICKENSON, Senior Justice (Retired).

The jury convicted Dwight Mason of possessing cocaine and assessed his punishment at confinement for 9 years and a fine of $2,000.[1] We affirm.

### Issues Presented

Appellant argues that the trial court made three reversible errors. First, he argues that proof of his extraneous offenses was not relevant under TEX. R.EVID. 401 because they occurred after the offense for which he was being tried. Second, he argues that the trial court erred in permitting proof of "character" for the purpose of "proving action in conformity therewith" in violation of TEX. R.EVID. 404(b). Third, he argues that the trial court failed to do the balancing test which is required by TEX.R.EVID. 403. Appellant also argues that "these errors by the trial court were not harmless" and that there was not "sufficient legal evidence" to affirm the conviction.

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. See TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon Pamph. Supp.2003) which provides that possession of one gram or more but less than four grams of cocaine is a felony of the third degree.

### The Indictment

The indictment charged that appellant, "on or about the 25TH day of JULY, 1999," did then and there possess a controlled substance, "cocaine, having an aggregate weight, including any adulterants and dilutants of one gram and more but less than four grams."

### Proof of the Offense on Trial

During the first day of testimony, the State proved that appellant was arrested on July 25, 1999, and that cocaine was found near the place of his arrest. Arnold Losoya was working for the Lamesa Police Department on that date, and he received a call from the dispatcher at about 1:47 a.m. about a domestic dispute. Officer Losoya testified that appellant failed to stop as directed. Officer Losoya called for assistance, and Lamesa Police Officers Andrew William Barker and Randy Nuchols came to the scene.

Officer Barker testified that he was working for the Lamesa Police Department on the date of appellant's arrest; that he asked appellant to stop when appellant was attempting to walk away from Officer Losoya; that appellant "kept on walking"; and that Officer Barker got out of his patrol car and followed appellant on foot. Appellant started running, and he reached into the pockets of his pants, "like he was trying to dig something out." Officer Barker testified that he drew his weapon and that appellant kept on running. Officer Barker said that appellant made a "throwing-type motion away from his body" and then made a 180–degree turn. After the officers took appellant into custody, they searched the area where he had been, and they found some crack cocaine.

Officer Nuchols testified that he was working for the Lamesa Police Department on the date of appellant's arrest. Officer Nuchols testified that he got out of his patrol car to pursue appellant on foot while appellant was running from Officer Barker. After appellant was taken into custody, Officer Barker told the other officers that appellant had thrown something. They searched the area where appellant had been, and they found a clear plastic bag containing what appeared to be crack cocaine.

There was a stipulation to prove the chain of custody on the contraband and to prove that it was cocaine with an aggregate weight of 2.24 grams.

Rene Flores testified that he had been a narcotics officer for the Lamesa Police Department, and he testified as an expert witness about the way that persons who were in possession of drugs would attempt to evade arrest and detention. Officer Flores also testified that persons who had drugs would attempt to "toss the drugs" if they saw police running toward them.

### The Extraneous Offenses

The prosecutors notified the court outside the presence of the jury of the State's intention to present evidence of extraneous offenses. The prosecutor said that he intended to present testimony from two witnesses who had purchased crack cocaine from appellant and that the State planned to produce evidence of crack cocaine on a plate which had appellant's fingerprints.

The discussions between counsel and the court read in relevant part as shown:

> [DEFENSE COUNSEL]: Okay. Your Honor, this is 404(b) of the Texas Rules of Evidence. Rule 404(b) basically states that evidence ... of extraneous crimes, wrongs, or acts [is not admissible to show action in conformity therewith]. In other words, people cannot be tried for being criminals in general.

\* \* \*

[PROSECUTOR]: I agree that [appellant's counsel] is correct. Generally, extraneous offenses are inadmissible. Under Rule 404, though, it sets out that if it falls within one of the exceptions for that rule that it is admissible. And it lists intent, motive, knowledge, preparation, identity, and a whole lot of other potential issues.... *The State, in this particular case, is offering this evidence, Your Honor, to show intent and knowledge....* In conjunction with that, the State is offering it to show possession. Possession is not only an element of the case, but [the alleged lack of possession is] the height of the defensive theory in this case.

\* \* \*

There's no doubt that substance is cocaine and what it weighed. There is no doubt where it was found. It was in Dawson County on that date. There is no doubt the Defendant was there. *The question in this case is a matter of possession, and whether he intentionally or knowingly possessed it. Certainly the fact that he has possessed that substance on several other occasions goes to show intentional possession.* (Emphasis added)

The trial court then asked the prosecutor if he had any case law on this issue. Among the cases which the State relied upon is this court's unpublished opinion in *Gibson v. State,* No. 11–99–00165–CR (Tex.App.-Eastland, June 15, 2000, pet'n ref'd). In that case, this court affirmed the trial court's ruling that an extraneous offense was relevant to show the knowing possession of a controlled substance. In that unpublished opinion, this court cited and relied upon *Montgomery v. State,* 810 S.W.2d 372, 390 (Tex.Cr.App.1991); *Arnott v. State,* 498 S.W.2d 166, 176 (Tex.Cr.App. 1973); and *Payton v. State,* 830 S.W.2d

722, 729 (Tex.App.-Houston [14th Dist.] 1992, no pet'n).

After the trial court overruled appellant's objections under Rules 404 & 403, the jury came back into the courtroom. The first extraneous offense witness was Reynaldo Lopez. He identified appellant and testified that he used to buy drugs from him. Appellant's trial counsel then renewed his objection under Rule 404 and was given a "running objection" to this testimony. Lopez testified on August 14, 2001, that the last time he purchased drugs from appellant was about four or five weeks ago.

The second extraneous offense witness was Lisa Jackson. After she identified appellant, appellant's counsel got the court to confirm that he had a "running objection" to her testimony about extraneous offenses. Jackson testified that she had purchased crack cocaine from appellant on July 12, 2001.

The third extraneous offense witness was Officer Alonzo Urquidi of the Lamesa Police Department. This officer identified a plate with several rocks of crack cocaine which was seized at the time that Lopez and Jackson were arrested. This plate contained appellant's fingerprints.

Dennis Hambrick testified as an expert witness to prove that the contraband on the plate which Officer Urquidi identified was cocaine and that it weighed 17.58 grams. Marty Barrett testified as an expert witness to prove that appellant's fingerprints were on the plate which Officer Urquidi identified.

### Rule 401

Appellant argues that the trial court erred under Rule 401 when it failed to rule the extraneous offense proof inadmissible. Appellant argues that the State failed to show how an extraneous offense which occurred "two years after the event for which Appellant was being tried" could be

relevant. In reply to this argument, the State cites *Powell v. State*, 5 S.W.3d 369, 383 (Tex.App.-Texarkana 1999, pet'n ref'd), *cert. den'd*, 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000). The Texarkana Court held in that case:

Rule 401 defines relevant evidence as that evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *It is at least subject to reasonable debate whether a subsequent, almost identical offense tends to show [defendant's] knowledge that the substance he possessed on the occasion involved here was illegal. . . .* We believe that the trial court could have reasonably concluded that this subsequent act tended to make more probable the allegation that [defendant] intended to deliver the cocaine involved in the present offense. . . . *The fact that the extraneous conduct occurred after the acts constituting the offense on trial does not render the evidence inadmissible under Rule 404(b).* We find that the trial court did not abuse its discretion in admitting the evidence. (Citations omitted; Emphasis added)

■ See also *Santellan v. State*, 939 S.W.2d 155, 168 (Tex.Cr.App.1997), and *Torres v. State*, 794 S.W.2d 596, 599 (Tex. App.-Austin 1990, no pet'n), where extraneous conduct subsequent to the offense on trial was held to be admissible under Rule 404(b). We hold that the trial court did not abuse its discretion in finding that the extraneous offenses in 2001 were admissible as circumstantial evidence of appellant's knowing possession of cocaine in 1999. The first issue for review is overruled.

### Rule 404

Appellant argues that the trial court erred in admitting "character" evidence for the purpose of proving "action in conformity therewith" in violation of Rule 404(a). The State responds by arguing that this evidence was admissible as an exception to that rule, citing Rule 404(b) which permits proof of "other crimes, wrongs or acts" in order to prove intent, knowledge, and "absence of mistake or accident." As noted above, the trial court did not abuse its discretion in finding that the extraneous offenses were admissible as circumstantial evidence of appellant's knowing possession of the cocaine in this case. *Montgomery v. State, supra; Arnott v. State, supra; Powell v. State, supra.* The second issue for review is overruled.

### Rule 403

■ Appellant argues that the "third error" which the trial court made was "when it failed to do a balancing test" under Rule 403 and failed to find that the "prejudicial effect of the extraneous offense substantially outweighed the probative value." Relevant portions of the reporter's record show the following discussion between counsel and the court:

THE COURT: I'm going to overrule the objection to the evidence and the motion in limine, as far as it applies to [extraneous offenses].

[DEFENSE COUNSEL]: Okay. Your Honor, under *Montgomery* it has to be a two-part objection. First, I object to the relevance, then I have to object under rule 403—

THE COURT: I understand.

[DEFENSE COUNSEL]: That the evidence—that the probative value of the evidence is substantially outweighed by its prejudicial effects.

THE COURT: I understand.

[DEFENSE COUNSEL]: And that's going to be a different objection and a new objection.

THE COURT: All right. That objection will be overruled.

While it would have been helpful if the trial court had discussed its reasoning for this ruling, the record is clear that the trial court considered and overruled the Rule 403 objection. It seems clear that the trial court found that the probative effect of this evidence was not substantially outweighed by the danger of unfair prejudice, and the trial court gave this instruction to the jury:

> The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case. *This evidence was admitted for the purpose of aiding you, if it does, in passing upon the question of the defendant's motive, intent, knowledge, possession, and for the purpose of rebutting a defensive theory.* You cannot consider the evidence of extraneous crimes or bad acts for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such extraneous crimes or bad acts. (Emphasis added)

The third issue for review is overruled.

### Sufficiency of Evidence

The evidence is both legally and factually sufficient to support the jury's finding that appellant was guilty of knowingly possessing the cocaine which was found in the area where he was arrested. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Cr.App.2002). The fourth issue for review is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.