NO. 07-05-0237-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 15, 2007
_____

BENNIE L. COLLINS A/K/A BENNY L. COLLINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,185; HONORABLE CECIL PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Bennie L. Collins presents a single issue challenging the sufficiency of the evidence supporting his conviction of possession of a controlled substance with intent to deliver. Punishment, enhanced by a prior conviction, was assessed by the jury at life imprisonment and a $10,000 fine. We will affirm the trial court's judgment.

The objective facts giving rise to appellant's prosecution are largely undisputed. The disputed issues at trial were appellant's knowledge and intent. In late February 2004 Lubbock police officer Damien Pleasant received information that a person with

outstanding warrants could be found at a particular location. Driving to the location, Pleasant found appellant sitting alone in the driver's seat of a parked car. After the officer obtained appellant's identification, and while appellant remained in the car, the officer confirmed there were warrants for appellant's arrest.[1] As Pleasant returned to speak to appellant, a second officer arrived as backup. When appellant got out of the car, the second officer saw a bag of what he believed was crack cocaine on the floor of the car. The officers arrested appellant and conducted a search of the vehicle, which did not reveal any other evidence. Subsequent testing showed the contents of the bag officers recovered contained cocaine and weighed 6.2 grams.

A May 2005 indictment charged appellant with possession of a controlled substance in penalty group one with intent to deliver.[2] The indictment contained an enhancement paragraph alleging a prior felony conviction for delivery of a controlled substance. Appellant pled not guilty to the indicted offense but true to the enhancement paragraph and the case was tried to a jury. At trial the officers explained the bag was found in front of the driver's seat. It would not have been visible to a seated driver, but would have been visible when getting into the car. As evidence of appellant's intent to sell the cocaine, the State

---

[1] Testimony revealed the warrants were for failure to display a driver's license and for failure to appear.

[2] The indictment erroneously alleged the offense occurred "on or about" February 23, 2005. This defect was not fatal to appellant's prosecution because the date of the offense shown by the evidence was before the date of the indictment and within the limitations period. *See* Tex. Code Crim. Proc. Ann. art. 21.02(6) (Vernon 2005); *Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App. 1997).

presented testimony, over appellant's objection,[3] that he had sold cocaine to an undercover officer in September 2004.

Appellant now presents a single issue challenging the legal sufficiency of the evidence supporting his conviction.[4] The legal sufficiency standard of review requires us to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005), citing *Jackson*, 443 U.S. at 318-19.

Appellant's argument focuses on whether the evidence showed "affirmative links" between appellant and the contraband. Citing *Brown v. State*, 911 S.W.2d 744, 748 (Tex.Crim.App. 1995), the State's brief points to evidence it believes supports the jury determination of possession and evidence supporting the determination that appellant had an intent to deliver. We address both of those elements.

The possession element of the charged offense required the State to prove appellant exercised control, management, or care over the substance while knowing it to be contraband. *Poindexter*, 153 S.W.3d at 405-06. Recognizing that a person may jointly

---

[3] No appellate issue is raised concerning the admissibility of the extraneous offense evidence.

[4] Although appellant's brief does not expressly state whether his challenge is to the legal or factual sufficiency of the evidence, the standard of review he states, his citation to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and his prayer for an acquittal rather than a new trial, all support our conclusion that he contends the evidence supporting his conviction was legally insufficient.

possess property where contraband is found but not necessarily jointly possess the contraband, our courts apply the rule that "[w]hen the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Id.* at 406, quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981) (other internal citation omitted).[5] The "links" requirement is designed to protect the innocent bystander from conviction merely because of his "fortuitous proximity to someone else's drugs." *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006).[6]

Here, the evidence is that appellant was in exclusive possession of the vehicle in which the cocaine was found. He was alone in the car. We do not agree that the evidence supports the statement in appellant's brief that his friend and her child had been in the car earlier in the day. The testimony showed only that officers released the car to the friend after appellant's arrest. The only evidence on ownership of the car was that officer Pleasant believed it belonged to appellant's mother. The threshold condition requiring independent facts and circumstances linking appellant to the contraband, that of joint possession of the place at which it was found, therefore, is not present in this case.

---

[5] In *Deshong,* like here, the contraband in question was a controlled substance found on the floorboard of a car in front of the driver's seat. 625 S.W.2d at 329.

[6] In *Evans*, decided after the briefs were filed in his appeal, the court dropped the modifier "affirmative" from the description of a defendant's links to the contraband. 202 S.W.3d at 161 n. 9.

Further, evidence of links present here included the location of the cocaine under appellant's legs while he was seated in the car. *See Evans*, 202 S.W.3d at 163 (court described cocaine less that a foot away from defendant as being "right under his nose"); *Deshong*, 625 S.W.2d at 329 (evaluating similar evidence). The cocaine was in plain view and, as noted, appellant was alone in the car, seated in the driver's seat. The evidence of appellant's sale of cocaine in September 2004 was a link showing appellant's involvement with cocaine generally and from which his knowledge of its appearance may be inferred. *See Mason v. State*, 99 S.W.3d 652, 656 (Tex.App.–Eastland 2003, pet. ref'd) (finding evidence of subsequent extraneous offenses admissible to show knowing possession). Viewed in the light most favorable to the jury's verdict, the evidence is sufficient to permit a fact finder to rationally find appellant exercised control of the cocaine and knew it was contraband.

Intent to deliver can be proven by circumstantial evidence. *Ingram v. State*, 124 S.W.3d 672, 675 (Tex.App.--Eastland 2003, no pet.). The State's argument supporting the jury finding of appellant's intent to deliver the cocaine is presented in the context of the factors identified in *Smith v. State*, 737 S.W.2d 933 (Tex.App.–Dallas 1987, pet. ref'd). Those factors are: (1) the quantity of contraband, (2) the manner in which it was packaged, (3) the presence of large amounts of money, (4) whether the defendant is a drug user, and (5) other evidence of drug transactions. *Id.* at 941. *See also Branch v. State*, 599 S.W.2d 324, 325 (Tex.Crim.App. 1979) (considering amount of contraband and cash). Our courts continue to look at the same core factors. *See, e.g., Robinson v. State*, 174 S.W.3d 320, 331 (Tex.App.--Houston [1st Dist.] 2005, pet. ref'd); *Jordan v. State*, 139 S.W.3d 723, 726

(Tex.App.–Fort Worth 2004, no pet.). Expert testimony also may be introduced to prove intent to deliver. *Id*.; *Mack v. State*, 859 S.W.2d 526, 529 (Tex.App.–Houston [1st Dist.] 1993, no pet.).

The State characterizes the quantity of cocaine found here as "large." The quantities of drugs involved in the cases the State cites are substantially larger than the 6.2 grams present here. In *Smith* the defendant possessed 1331 grams of powder of which 349.5 grams were pure cocaine. 373 S.W.2d at 941. Similarly, the defendant in *Gabriel v. State*, 900 S.W.2d 721 (Tex.Crim.App. 1995), possessed 35.2 grams of cocaine. *See also Branch*, 599 S.W.2d 324, 326 (Tex.Crim.App. 1979) (rev'd on rehearing on other grounds) (defendant possessed 2,864 "hits" of heroin); *Simmons* v. State, 100 S.W.3d 484, 489 (Tex.App.--Texarkana 2003, pet. ref'd), *cert. denied*, 541 U.S. 996 (2004) (1000 grams of cocaine supported finding of intent to deliver). Nonetheless, the State's evidence here included the testimony of Tony Marez, an investigator with the narcotics division of the Lubbock County Sheriff's Department, who described the quantities of crack cocaine typically involved in the personal use of the drug by a user. He characterized a "$20 rock" of the substance, containing ".20 or .25 grams of crack," as an "average rock that they are selling out there." He also said that a $20 rock is sufficient to allow one to three people to "get high," and that one gram of crack is adequate for that result in five to fifteen people.[7] Marez further opined that 6.2 grams of crack would not be for personal use. Other evidence showed the bag found with appellant contained more than one rock of cocaine.

---

[7] Marez referred to a circumstance in which a pipe containing the cocaine was passed around and smoked by several users.

6

The jury could have found the quantity of cocaine present here indicates appellant's possession of it was accompanied by an intent to deliver the substance to others. *See Mack*, 859 S.W.2d at 529 (evidence of 8.9 grams of cocaine as 29 rocks together with testimony the area was known for drug sales and users would not carry that amount of cocaine).

The record before us contains no testimony attributing any significance to the way in which the cocaine possessed by appellant was packaged. We also find no evidence supporting the third factor listed in *Smith*. No cash was found in the car and there was no evidence of the amount found on appellant. *Compare Smith*, ($9,000 present in hotel room); *Gabriel*, 842 S.W.2d at 331 ($80 in defendant's pocket). *See also Branch*, 599 S.W.2d at 325 ($8,000 in small bills). There was no evidence on the fourth factor, whether appellant used cocaine.

The State also relies on the evidence of appellant's extraneous sale of cocaine as supporting the fifth *Smith* factor. Investigator Marez was the undercover officer who testified he was introduced to appellant by a paid informant and bought a "fat stone"[8] of crack cocaine from appellant in September 2004, some six months after the offense being tried. Marez testified also that, immediately after the purchase, he asked appellant for a telephone number at which Marez could contact him directly, without the informant's involvement. Appellant provided Marez a telephone number and a password for that

---

[8] Marez testified a fat stone is a larger-than-normal rock of cocaine. Testimony also revealed the substance, which Marez purchased from appellant on that occasion for $200, weighed some 3.82 grams.

purpose.[9]  We agree with the State that the jury could consider appellant's September 2004 sale to Marez and their conversation as evidence of appellant's intent with respect to the 6.2 grams he possessed on the occasion in question here.  *See Mason*, 99 S.W.3d at 656.

This evidence, coupled with that of appellant's knowing possession of the cocaine and viewed in the light most favorable to the jury's verdict, would justify a rational fact finder's determination that appellant possessed the drug with the intent to deliver it. Accordingly, we find the evidence was legally sufficient to support appellant's conviction. *Poindexter*, 153 S.W.3d at 405.

We overrule appellant's sole issue and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

[9] Marez said, "[Appellant] advises me whenever I call, just say 'Baby boy, what's up,' and that way, he'll know it's me because nobody else says that to him when they call."