

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00357-CR

**STEPHEN ANDREW MASHBURN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-273-C2**

## MEMORANDUM OPINION

A jury convicted Stephen Andrew Mashburn of possessing between one and four grams of methamphetamine and, after he pleaded true to an enhancement allegation, assessed his punishment at twenty years' imprisonment.  Mashburn contends in two issues that: (1) the evidence is legally insufficient because the State failed to provide sufficient evidence to corroborate the testimony of his accomplice; and (2) the court abused its discretion by admitting evidence that he had possessed marihuana earlier on the day of his arrest.  We will affirm.

## Corroboration of Accomplice Testimony

Mashburn contends in his first issue that the evidence is legally insufficient because the State failed to provide sufficient evidence to corroborate the testimony of his accomplice.

Although Mashburn states this issue in terms of "legal insufficiency," his argument focuses on whether the State met the requirements of article 38.14 of the Code of Criminal Procedure. That statute provides, "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). "This accomplice witness rule creates a statutorily imposed review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards." *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007).

"When evaluating the sufficiency of corroboration evidence under the accomplice-witness rule, we 'eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime.'" *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (quoting *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001)).

Here, the accomplice Tuesday Wood and Mashburn were both indicted for possession of methamphetamine.[1] A security officer detained them at a Bellmead Wal-Mart for affixing fraudulent UPC[2] labels to "high dollar" merchandise and purchasing the merchandise at a discounted price. In the front-passenger-door pocket of Wood's car, police officers found a small plastic container and a small ziplock bag which together contained a little more than two grams of methamphetamine. They also recovered additional fraudulent UPC labels like the ones Mashburn and Wood were using inside the store. They arrested both for possession of methamphetamine.

Wood testified that her boyfriend had introduced her to Mashburn. They both lived in San Antonio. On the morning of the day they were arrested, Mashburn called and asked her to give him a ride to run several errands. When she arrived at his home, she noticed him putting a baggie of marihuana in his backpack. She told him not to bring any marihuana or other narcotics with him, and he left the marihuana at home.[3] After stopping at a couple of stores in San Antonio, he persuaded her to drive to a gameroom in San Marcos. There they played eight-liner machines and won about $700. Wood went out to her car to get more cash at one point and noticed what appeared to

---

[1]     Thus, it is undisputed that Wood was an accomplice as a matter of law. *Herron v. State*, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002).

[2]     The term "UPC" refers to the universal product code affixed to most merchandise. *See Jahanian v. State*, 145 S.W.3d 346, 348 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also* TEX. PEN. CODE ANN. § 32.47(a), (b)(4) (Vernon 2003) (making it a crime to fraudulently destroy, remove, conceal, etc. a universal product code); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1293 (10th ed. 1993) (defining "Universal Product Code" as "a combination of a bar code and numbers by which a scanner can identify a product and usu. assign a price").

[3]     Wood explained that she told him not to bring any narcotics along because she knew she was wanted for a forgery charge in San Antonio and did not want to take any chances.

be methamphetamine in the front-passenger-door pocket. When she confronted him about this, he admitted that this was his but assured her that it was just "cut," which she explained to be material added to narcotics to increase bulk.

Wood testified that Mashburn convinced her to drive him northward on Interstate 35 to stop at various Wal-Marts so he could affix forged UPC labels to merchandise and purchase the merchandise at a reduced price. She explained that he would then return this merchandise without a receipt and receive a refund in the form of a Wal-Mart gift card for the originally marked price. According to Wood, she did not accompany Mashburn into any of the Wal-Marts along the way until they stopped at the Bellmead Wal-Mart. She asked him not to switch any UPC labels at this store because of her fears concerning the pending forgery charge.

Bellmead Police Officer Jerry Motley searched Wood's car pursuant to a search warrant. He testified that a Wal-Mart surveillance video depicted Wood exiting from the driver's side of the car and a male exiting from the passenger's side before they entered the store. He could not identify Mashburn in court as the male depicted in the video. The search of the car disclosed numerous UPC labels similar to those Mashburn was using and a label machine capable of printing such labels. There was a backpack in the center of the backseat which contained, among other things, a butane torch, additional UPC labels, a hairbrush with strands of dark hair similar in color to Mashburn's,[4] and a piece of paper with Mashburn's name and address. Motley testified that methamphetamine users frequently place the substance on a piece of foil or other

---

[4]     Wood testified that she has strawberry blonde hair and has never had dark-colored hair.

lightweight metal and use a torch like that found in the backpack to warm the metal then inhale the fumes. Additional UPC labels were found in the door pocket where the methamphetamine was located.

The non-accomplice evidence tending to connect Mashburn to the methamphetamine includes: (1) the surveillance video indicating that a male was in the front passenger seat of Wood's car; (2) the security officer's testimony that Mashburn and Wood were together (thus connecting Mashburn to the surveillance video even though Motley could not identify him in court); (3) the backpack which is connected to Mashburn because his name and address were inside and because of the hairbrush; (4) the butane torch; and (5) UPC labels recovered from the backpack, from under the front passenger seat, and from the same pocket as the methamphetamine.

We hold that this non-accomplice evidence tends to connect Mashburn with the offense and therefore provides sufficient corroboration for the accomplice-witness testimony of Wood. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14; *Medina v. State*, 242 S.W.3d 573, 577 (Tex. App.—Waco 2007, no pet.). Accordingly, we overrule Mashburn's first issue.

**Extraneous Offense**

Mashburn contends in his second issue that the court abused its discretion by admitting Wood's testimony that he had a baggie of marihuana at home before they embarked on their journey.

The State contends that Mashburn failed to preserve this issue for appellate review because he objected at trial on different grounds (the marihuana incident

occurred on a different date and in a different locale).  However, Mashburn included within his initial objection the statement that the marihuana testimony was objectionable because it referred to "an extraneous act."  This was sufficient to preserve the issue for our review.

We review a trial court's ruling on the admissibility of extraneous-offense evidence under an abuse-of-discretion standard.  *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).  We will uphold the trial court's ruling if it is within the "zone of reasonable disagreement."  *Id.* (quoting *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997)).[5]  "If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment."  *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005) (quoting *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004)).

The State argues in the alternative that this evidence was admissible to prove intent.  Although it is a close question, we agree.  In *Rogers v. State*, the Court of Criminal Appeals held that similar evidence was "arguably" relevant because evidence that the appellant possessed marihuana "could arguably make it more probable that appellant would also be inclined to be in possession of another type of illegal substance (methamphetamine)."  853 S.W.2d 29, 32 (Tex. Crim. App. 1993); *see also Wingfield v. State*, 197 S.W.3d 922, 925 (Tex. App.—Dallas 2006, no pet.) (evidence that appellant had used marijuana on other occasions "was circumstantial evidence that appellant

---

[5]  The original quotation is from Judge Clinton's frequently cited opinion in *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

intentionally or knowingly possessed marijuana on [date alleged]"); *Mason v. State*, 99 S.W.3d 652, 656 (Tex. App.—Eastland 2003, pet. ref'd) (evidence appellant possessed cocaine two years after charged offense "admissible as circumstantial evidence of appellant's knowing possession of the cocaine in this case"); *cf. Peters v. State*, 93 S.W.3d 347, 352-53 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (evidence of burning marihuana cigarette in defendant's motel room inadmissible in cocaine case because defendant admitted that he was in possession of the cocaine). *Contra Garcia v. State*, 871 S.W.2d 769, 771-72 (Tex. App.—Corpus Christi 1994, pet. ref'd) (evidence of marihuana recovered from defendant's shoe not relevant to prove knowledge or opportunity in prosecution for possession of cocaine).

In *Rogers*, the Court went on to hold that the evidence in question was inadmissible as same transaction contextual evidence because it would not have been impracticable for the State to prove its case without mentioning the marihuana also recovered from the defendant's home. *See Rogers*, 853 S.W.2d at 33-34. Here, the State does not contend that the extraneous-offense evidence is admissible same transaction contextual evidence, and so we will not address its admissibility under this theory.

Mashburn challenged Wood's credibility and argued that the State did not have sufficient corroborating evidence. Because Mashburn vigorously challenged the State's proof that he intentionally or knowingly possessed the methamphetamine, we hold that it is within the "zone of reasonable disagreement" for the trial court to have concluded that the extraneous-offense was admissible under Rule 404(b) to prove Mashburn's intentional or knowing possession of the methamphetamine. *See Rogers*, 853 S.W.2d at

32; *Wingfield*, 197 S.W.3d at 925; *Mason*, 99 S.W.3d at 656.   Therefore, we overrule

Mashburn's second issue and affirm the judgment.


FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
     (Chief Justice Gray concurs in affirming the trial court's judgment.  A separate
opinion will not issue.)
Affirmed
Opinion delivered and filed October 1, 2008
Do not publish
[CR25]