

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-18-00454-CR

---

TIMOTHY WILLIAM GAUCH, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR18-0448

---

Before Gabriel, Kerr, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant Timothy William Gauch appeals from his conviction for possession of less than one gram of methamphetamine and from his sentence of two years' confinement with a $10,000 fine. *See* Tex. Health & Safety Code Ann. § 481.115(a)–(b); Tex. Penal Code Ann. § 12.35(a)–(b). In three points on appeal, he argues that the jury charge should have included his proposed instructions on voluntary possession, "mere presence," and the affirmative-links doctrine; that the admission of his prior convictions was an abuse of discretion because the priors were inadmissible character-conformity evidence and were unfairly prejudicial; and that the trial court abused its discretion by excluding evidence that he did not have methamphetamine in his system three days after his arrest. We disagree and affirm the trial court's judgment.

## I. BACKGROUND

On January 14, 2018, police officers pulled over a car driven by Gauch because the car had expired temporary license-plate tags. The officers attempted to identify Gauch's passenger, Tommy Slaughter, but Slaughter gave them false names. During their conversation with Slaughter, the officers noted his hands were almost constantly moving and saw him "trying to dig in his pocket." The officers ordered Slaughter to get out of the car, and Slaughter handed them a methamphetamine pipe, which the officers placed on the roof of Gauch's car. Slaughter blew the pipe off of the car, breaking it. Slaughter was arrested for possession of drug paraphernalia, for a "parole

2

warrant," and for destroying the pipe. The officers never saw Slaughter reach over the center console of the car toward the driver's seat before they ordered him out of the car.

Gauch identified himself and provided proof of insurance when asked. He initially said the car was his but later denied ownership after he would not consent to a search of the car.[1] Based on the pipe Slaughter had, officers searched Gauch's car and found "a large sum of money" in a bag and a pipe with apparent residue in it. The pipe was found pushed down into a gap between the driver's seat and the center console; the bag of money was found between the driver's seat and the console, covering the area where the pipe was found. Gauch was arrested for possession of a controlled substance. The residue in the pipe was tested and determined to be 0.22 grams of methamphetamine.

A jury found Gauch guilty of possession of less than one gram of methamphetamine and assessed his sentence at two years' confinement with a $10,000 fine. The trial court entered judgment on the jury's verdict and later denied Gauch's motion for new trial and in arrest of judgment. *See* Tex. R. App. P. 21–22. Gauch now appeals and challenges several trial court rulings.

---

[1]Officers later discovered that the car was registered in Gauch's name.

## II. ADMISSION OF PRIOR CONVICTIONS

In his second point, Gauch argues that evidence of his two prior convictions should have been excluded as inadmissible character-conformity evidence and as unfairly prejudicial. We review the trial court's determination to admit this evidence under an abuse-of-discretion standard. *See Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). For the following reasons, we conclude there was no abuse of discretion and overrule Gauch's second point.

### A. RELEVANT FACTS

At trial, but outside the jury's presence, the State attempted to introduce evidence of Gauch's two prior convictions for possession of methamphetamine with intent to deliver and for engaging in organized criminal activity. The State asserted that because the car had not been in Gauch's exclusive possession and because Gauch's defensive theory was "lack of possession," the extraneous offenses were admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Tex. R. Evid. 404(b)(2); *see Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) (discussing permissible evidentiary purposes to admit prior offenses, including to rebut a defensive theory). Gauch objected and argued that the prior convictions were nothing more than inadmissible character-conformity evidence and that their admission would be unfairly prejudicial. *See* Tex. R. Evid. 403, 404(b)(1). The trial court overruled Gauch's

4

objections, ruling that evidence of the convictions could be admitted. Gauch, without waiving his prior objections, stipulated to the fact of the two prior convictions.

When the jury returned, the trial court orally gave a limiting instruction before the stipulation was admitted: "You are instructed that the stipulation regarding the Defendant having committed offenses other than the offense alleged against him in this charge is to only be considered for proof of intent, knowledge, absence of mistake, accident, or possession by the Defendant, and for no other purpose."[2] Gauch's counsel then read the stipulation to the jury: "The Defense hereby stipulates that Timothy William Gauch was convicted for the offense of engaging in organized criminal activity on June 26, 2013 and the offense of possession [of] methamphetamine with the intent to deliver on April 11, 2014." The State then rested its case-in-chief.

## B. RULE 404

Under rule 404, extraneous-offense evidence is inadmissible unless the evidence has relevance apart from its tendency to prove the defendant's actions were in conformity with his past character. *See Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh'g). But rule 404(b) is a rule of inclusion, not exclusion. *See Dabney v. State*, 492 S.W.3d 309, 317 (Tex. Crim. App. 2016).

---

[2]This limiting instruction was also included in the trial court's jury charge at the trial's guilt-innocence stage.

Gauch's defensive theory at trial was that he did not know about and did not possess the methamphetamine pipe found between the driver's seat and the center console of his car. The evidence that Gauch had been previously convicted of possession of methamphetamine with the intent to deliver and of engaging in organized criminal activity was relevant because it made the elemental facts of intent and knowledge more or less probable and tended to refute Gauch's defensive theory. *See* Tex. R. Evid. 401, 404(b)(2); *Rios v. State*, No. 08-12-00089-CR, 2014 WL 2466100, at *6 (Tex. App.—El Paso May 30, 2014, no pet.) (not designated for publication) (citing *Montgomery*, 810 S.W.2d at 387–88); *Mason v. State*, 99 S.W.3d 652, 656 (Tex. App.—Eastland 2003, pet. ref'd). Therefore, it was within the trial court's discretion to determine that the evidence was not offered solely for character-conformity purposes—trying Gauch for collateral crimes or for being a criminal generally—but was offered to rebut Gauch's no-possession theory, rendering the prior convictions admissible for that purpose. *See Valadez v. State*, No. 10-17-00161-CR, 2019 WL 2147625, at *7–8 (Tex. App.—Waco May 15, 2019, pet. filed) (mem. op., not designated for publication); *Johnson v. State*, No. 01-15-00958-CR, 2017 WL 631838, at *5 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet.) (mem. op., not designated for publication); *Rios*, 2014 WL 2466100, at *6; *Malone v. State*, No. 2-05-235-CR, 2006 WL 1921349, at *7–8 (Tex. App.—Fort Worth July 13, 2006, pet. ref'd) (mem. op., not designated for publication); *Mason*, 99 S.W.3d at 656; *see also* Tex. R. Evid. 404.

## C. RULE 403

Gauch also contends that even if admissible under rule 404(b)(2), the evidence was unfairly prejudicial when compared to its probative value, encouraging the jury to convict him solely based on his prior convictions. *See* Tex. R. Evid. 403. Extraneous-offense evidence that is relevant beyond character conformity is presumed admissible and subject to exclusion only if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." *Id.*; *see Williams v. State*, 927 S.W.2d 752, 759 (Tex. App.—El Paso 1996, pet. ref'd). We are to measure the trial court's determination under rule 403 against the relevant, objective criteria: the inherent probative force of the evidence and the State's need for that evidence weighed against any tendency of the evidence to suggest a decision on an improper basis, to confuse or distract the jury from the main issues, to be given undue weight by a jury ill-equipped to evaluate its probative force, to merely be repetitive of other evidence, or to take an inordinate amount of time to present. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006); *Montgomery*, 810 S.W.3d at 392–93. Regarding intent, evidence of extraneous offenses is admissible where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself. *See Montgomery*, 810 S.W.2d at 392; *Carter v. State*, 145 S.W.3d 702, 708–09 (Tex. App.—Dallas 2004, pet. ref'd).

7

As we discussed in the context of rule 404, the extraneous-offense evidence refuted Gauch's defensive theory that effectively controverted the State's case against him. The State did not have any direct evidence of Gauch's knowledge or intent, which was an essential element of the State's case, and thus had to rely on other circumstantial facts. *See generally* Tex. Health & Safety Code Ann. § 481.115(a) ("[A] person commits an offense if the person knowingly or intentionally possesses a controlled substance . . . ."). The probative value of the extraneous-offense evidence was, thus, high. And although Gauch argues that the nature of his prior possession and organized-crime convictions painted him as a villain, the nature of those convictions are the reason they were highly probative to the contested issue of knowing or intentional possession. *See Williams*, 927 S.W.2d at 759; *see also Kiser v. State*, 893 S.W.2d 277, 281 (Tex. App.—Houston [1st Dist.] 1995, pets. ref'd) (holding probative value includes "the similarities between the extraneous offense and the charged offense"). The extraneous-offense evidence, while obviously prejudicial, was not unfairly so in light of the relevant criteria. And we note that the trial court instructed the jury in the charge that it could consider the extraneous offenses "only for proof of intent, knowledge, absence of mistake, accident or possession by the defendant and for no other purpose." We assume the jury followed this instruction, reducing the risk that the evidence was unfairly prejudicial. *See Miles v. State*, 204 S.W.3d 822, 827–28 (Tex. Crim. App. 2006). We conclude that the probative value of this evidence was not outweighed by its prejudicial effect and, thus, that the

8

trial court did not abuse its discretion by admitting the prior convictions over Gauch's rule 403 objection. *See Valadez*, 2019 WL 2147625, at *9; *Work v. State*, No. 03-18-00244-CR, 2018 WL 2347013, at *11–12 (Tex. App.—Austin May 24, 2018, pet. granted) (mem. op., not designated for publication); *Owen v. State*, No. 2-03-164-CR, 2004 WL 966323, at *6 (Tex. App.—Fort Worth May 6, 2004, no pet.) (mem. op., not designated for publication).

## III. ADMISSION OF TEST RESULT

Gauch argues in his third issue that the trial court abused its discretion by refusing to admit evidence that a urinalysis test Gauch took three days after his arrest was negative for amphetamines. We review the trial court's exclusion of evidence for an abuse of discretion. *See Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018).

At trial, Gauch attempted to admit a discrete portion of Gauch's "parole records," accompanied by a business-records affidavit. The portion sought to be introduced was a January 17, 2018 random urinalysis test done at the request of Gauch's community-supervision officer that was negative for amphetamines. Gauch asserted that the negative test was relevant and admissible because "[i]t shows that he was not using methamphetamine at or near the time of this offense," countering the State's evidence linking him to the pipe found in his car. The State argued that because Gauch was charged with possession, and not use, the test result was inadmissible character evidence. The trial court excluded the test result, finding that it

9

was character evidence and not admissible. Gauch then made an offer of proof of the excluded evidence. *See* Tex. R. Evid. 103(a)(2).

A conviction for possession of a controlled substance requires the State to prove beyond a reasonable doubt that the defendant exercised control, management, or care over the controlled substance and that he knew the substance was contraband. *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). Drug use is not an element of the offense. *See Norton v. State*, No. 14-04-00871-CR, 2006 WL 771891, at *4 (Tex. App.—Houston [14th Dist.] Mar. 28, 2006, pet. ref'd) (mem. op., not designated for publication). Accordingly, Gauch could offer evidence of his good character as a nondrug user through reputation or opinion testimony, not through instances of his specific conduct. *See* Tex. R. Evid. 405. The trial court did not abuse its discretion by excluding this evidence. *See Arreola v. State*, No. 11-11-00263-CR, 2012 WL 1868680, at *4 (Tex. App.—Eastland May 24, 2012, no pet.) (mem. op., not designated for publication). We overrule point three.

## IV.  JURY CHARGE

In his first point, Gauch contends that the trial court erred by refusing his proposed jury instructions regarding the affirmative-links doctrine, "mere presence," and voluntary possession because they were applicable to the case and necessary to put his defensive argument in context. Gauch requested the inclusion of these instructions and submitted requested language. *See* Tex. Code Crim. Proc. Ann. arts. 36.14–.15. The State objected to their inclusion, which the trial court sustained.

10

In reviewing an alleged jury-charge error, we first look to whether there was, in fact, an error. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). A defendant is entitled to a requested jury-charge instruction on any defensive theory raised by the evidence. *See Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007); *Rogers v. State*, 105 S.W.3d 630, 639 (Tex. Crim. App. 2003). But because Gauch was not entitled to any of his requested instructions, there was no error in the charge; thus, we overrule point one for the following reasons.

## A. AFFIRMATIVE LINKS AND MERE PRESENCE

Gauch requested a charge on the affirmative-links doctrine and on the effect of his mere presence where the pipe was found: "Where the possession is circumstantial, an affirmative link must be shown between the defendant and the object before constructive possession is established. Mere presence alone is insufficient to prove possession." Such an instruction is a sufficiency standard of legal review[3] that is not appropriately included in a jury charge. *See Taylor v. State*, No. 05-02-00258-CR, 2003 WL 57746, at *4 (Tex. App.—Dallas Jan. 8, 2003, no pet.) (not designated for publication); *Gilbert v. State*, 874 S.W.2d 290, 297 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Similarly, Gauch's request for a jury instruction on the insufficiency of his mere presence to prove he possessed the methamphetamine would not have been

[3]Gauch does not attack the sufficiency of the evidence to support his possession conviction.

11

appropriate in the jury charge. Such a request does not pertain to a defense but is an impermissible attempt to submit a defensive issue that merely denied an essential element of the State case—Gauch's care, custody, or control of the methamphetamine. *See De La Torre v. State*, 546 S.W.3d 420, 426 (Tex. App.—Houston [1st Dist.] 2018, pet. granted); *Franklin v. State*, Nos. 02-12-00342-CR, 02-12-00343-CR, 2013 WL 2631167, at *4 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op., not designated for publication); *see also* Tex. Penal Code Ann. §§ 2.03–.04; *Walters*, 247 S.W.3d at 209. If the trial court had given the requested instruction, it would have been an improper comment on the weight of the evidence. *See Harris v. State*, 905 S.W.2d 708, 712 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

We conclude that the trial court did not err by refusing these two requested instructions.

## B. VOLUNTARY POSSESSION

Although the charge included a complete statutory definition of possession, *see* Tex. Penal Code Ann. § 6.01(b), Gauch requested that the jury be instructed that the possession must be voluntary: "A person commits an offense only if he voluntarily engages in conduct including an act [of] possession." Gauch argues that the jury, therefore, had no tools by which to determine whether Gauch committed a voluntary act. But the jury was charged that possession requires a voluntary act. *See id.* The charge, which tracked section 6.01(b), adequately recognized Gauch's defense and provided the same guidance as did his requested supplemental instruction on

12

voluntary possession. *See Hernandez v. State*, 867 S.W.2d 900, 906–07 (Tex. App.—Texarkana 1993, no pet.). There was no error in the charge regarding the definition of possession. *See Yates v. State*, No. 02-14-00516-CR, 2015 WL 4154168, at *4 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op., not designated for publication).

## V. CONCLUSION

None of Gauch's points reveal an abuse of the trial court's discretion or error in the jury charge. Accordingly, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019

13