PD-0875-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/28/2015 2:38:55 PM
Accepted 9/1/2015 9:50:17 AM
ABEL ACOSTA
CLERK

No. _____

## IN THE
## COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

Trial Court No. 2013-179-C2
Court of Appeals No. 10-14-00183-CR

\* \* \* \*

LAMONT RENARD STEWART
Appellant

v.

THE STATE OF TEXAS,
Appellee

\* \* \* \*

FILED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

Appealed from the Court of Appeals for the
Tenth Judicial District of Texas
Sitting at Waco

\* \* \* \*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
ORAL ARGUMENT REQUESTED

\* \* \* \*

August 21, 2015

Walter M. Reaves Jr.
100 N. 6th Street, Suite 802
Waco, Texas 76701
(254) 296-0020
FAX# (877) 726-4411
Attorney for Appellant

## IDENTITY OF PARTIES AND COUNSEL

Appellant:                              Lamont Renard Stewart

Trial Judge and Court          Matt Johnson
54th District Court
501 Washington Ave.
Waco, TX 76701

Appellant's Trial Attorney:     Ron Moody
204 N. 6th Street
Waco, TX 76701

Appellant's Attorney on Appeal:  Walter M. Reaves, Jr.
100 N. 6th Street, Suite 802
Waco, TX 76701

State's Trial Attorney(s):      Brandon Luce and Amanda Dillon
Assistant Criminal District
219 North 6th Street, Suite 200
Waco, TX 76701

State's Attorney on Appeal:    Abelino 'Abel' Reyna
Criminal District Attorney
Alex J. Bell
Chief, Appellate Division
219 North 6th Street, Suite 200
Waco, TX 76701

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

LIST OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

QUESTIONS PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    THE COURT OF APPEALS ERRED IN HOLDING THAT EVIDENCE
    OF TWELVE SEPARATE DRUG DELIVERIES TO CONFIDENTIAL
    INFORMANTS WERE ADMISSIBLE SIMPLY BECAUSE APPELLANT
    WAS CHARGED WITH POSSESSION OF A CONTROLLED
    SUBSTANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    THE COURT OF APPEALS IN FAILING TO ADDRESS THE SIGNIFICANCE
    AND WEIGHT GIVEN TO THE EXTRANEOUS DELIVERIES IN FINDING
    THE PROBATIVE VALUE OF SUCH EVIDENCE WAS NOT SUBSTANTIALLY
    OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE . . . . . . . . . . . . 5

    THE COURT OF APPEALS ERRED IN HOLDING THE STATE WAS NOT
    REQUIRED TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL
    INFORMANT WHO PARTICIPATED IN PRIOR PURCHASES OF PILLS FROM
    APPELLANT WHERE SUCH EVIDENCE WAS THE PRIMARY EVIDENCE
    USED TO ESTABLISH APPELLANT'S KNOWLEDGE AND INTENT . . . . . . 6

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

APPENDIX - Court of Appeals Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# LIST OF AUTHORITIES

## STATE CASES

*Albrecht v. State*, 486 S.W.2d 97 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Arnott v. State*, 498 S.W.2d 166 (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bodin v. State*, 807 S.W.2d 313 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Carter v. State*, 145 S.W.3d 702 (Tex. App. - Dallas, 2004) . . . . . . . . . . . . . . . . . . . . . . . 3

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . 4

*Owens v. State*, 827 S.W.2d 911 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Payton v. State*, 830 S.W.2d 722 (Tex. App. - Houston [14th Dist.] 1992) . . . . . . . . . . . . 2

*Prior v. State*, 647 S.W.2d 956 (Tex. Crim.App. 1983) . . . . . . . . . . . . . . . . . . . . . . . . v, 2

*Rankin v. State*, 974 S.W.2d 707 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 2

## RULES AND PROCEDURES

Rule 403, TEX. R. CRIM. EV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 5

iv

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense of Possession of a Controlled Substance with Intent to Deliver. (C.R. 5-6) The indictment contained both an enhancement allegation and a habitual allegation. *Id.* He entered a plea of not guilty on May 29, 2014, in the 54th District Court of McLennan, Texas, the Honorable Matt Johnson, presiding. The Court subsequently assessed punishment at 60 years in the Texas Department of Criminal Justice, Institutional Division. No fine was assessed.

## PROCEDURAL HISTORY

Appellant timely filed notice of appeal, and took his appeal to the Court of Appeals for the Tenth Judicial District, sitting at Waco, Texas. In an unpublished opinion authored by Justice Al Scoggins, dated June 18, 2015, the Court found no error, and affirmed the judgement of conviction and sentence. Appellant now timely files this petition for discretionary review.

## QUESTIONS PRESENTED FOR REVIEW

1. Did the Court of Appeals err in holding that extraneous drug deliveries are admissible whenever a defendant is charged with possession of a controlled substance?

2. Did the Court of Appeals err where the Court failed to consider the significance and weight of the extraneous deliveries, which allowed the State to paint as a drug dealer, in assessing whether the prejudicial nature of such evidence substantially outweighed its probative value?

3. Did the Court of Appeals err in holding the disclosure of an informant who was involved in extraneous transactions was not required, where the State relied almost exclusively on the extraneous deliveries to establish appellant's knowledge and intent.

## GROUNDS FOR REVIEW

1. The Court of Appeals has decided an issue in conflict with this Court's decision in *Prior v. State*, 647 S.W.2d 956 (Tex. Crim.App. 1983), in holding that extraneous deliveries are admissible whenever a defendant is charged with possession of a controlled substance.

2. The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision in making a decision under Rule 403, TEX. R. CRIM. EV., where the court failed to consider the significance and weight of the extraneous deliveries which allowed the State to paint as a drug dealer.

3. The Court of Appeals has decided an important question of State law which has not,

vi

but should be decided by this court, namely whether the disclosure of an informant who was involved in extraneous transactions was required, where the State relied almost exclusively on the extraneous deliveries to establish intent.

## REASONS FOR REVIEW

**THE COURT OF APPEALS ERRED IN HOLDING THAT EVIDENCE OF TWELVE SEPARATE DRUG DELIVERIES TO CONFIDENTIAL INFORMANTS WERE ADMISSIBLE SIMPLY BECAUSE APPELLANT WAS CHARGED WITH POSSESSION OF A CONTROLLED SUBSTANCE**

Appellant was arrested after police executed a search warrant at the apartment of a female friend, Jeanetta Mozee. Officers found a bag with 21 pills in her kitchen, along with another bag with 9 pills in her bedroom. (3 R.R. 63-64, 69) Appellant's defense was that the drugs belonged to Mozee. She was also arrested, and even though her case was pending at the time of appellant's trial she agreed to testify in his defense. She testified that the drugs were hers, and appellant did not bring them over. (4 R.R. 127-28, 131-32) She also claimed the pills were for her personal use, and she did not plan on distributing them. (4 R.R. 140)[1]

The State was allowed to introduce testimony from the lead investigator, David Starr, that during the course of his investigation he used two confidential informants to make twelve controlled buys from appellant. (4 R.R. 52) Field tests were performed on the drugs, but none were sent off for further testing. (4 R.R. 77-78)

Appellant challenged the admissibility of extraneous offenses both at trial, and on appeal. The Court of Appeals found the extraneous deliveries were relevant to show that

---

[1]As evidenced by their prosecution of appellant, the State did not believe Mozee, and believed she was covering for him. It is interesting to note that she stated on the way to jail that the bag contained 19-20 pills, even though there was not enough time for her to determine that before the warrant was executed. The officers entered the apartment almost immediately after appellant entered. (4 R.R. 97) She also told officers where to find the pills that were in her bedroom. (4 R.R. 100)

1

appellant had knowledge of the drugs on the kitchen counter, and that he possessed them with the intent to deliver. In so holding, appellant suggests the Court essentially held that extraneous offense are always admissible in drug cases. The Court held that "knowledge (or criminal intent) is an essential element of the crime of possession of a narcotic drug", and that "evidence that the accused has, in the past, sold the narcotic of which he is now alleged to have possession is of probative value in establishing knowledge." The Court cited *Arnott v. State*, 498 S.W.2d 166 (Tex. Crim. App. 1973), and *Payton v. State*, 830 S.W.2d 722 (Tex. App. - Houston [14th Dist.] 1992).

Appellant suggests the holding in this case, as well as the decision in *Payton* is in conflict with decisions from this court. In *Prior v. State*, 647 S.W.2d 956 (Tex. Crim.App. 1983) the court held that evidence of other crimes is admissible when it is material and relevant to a *contested* issue in the case (emphasis in original), citing *Albrecht v. State*, 486 S.W.2d 97 (Tex. Crim. App. 1972). The court also held that where guilty intent can be inferred from the act itself, evidence of other crimes is not admissible. [2] While the decision in *Prior* was before the adoption of the Code of Criminal Procedure, the holding was reaffirmed in *Rankin v. State*, 974 S.W.2d 707 (Tex. Crim. App. 1998) There, the court held as follows:

> Extraneous offenses will generally always be relevant, but the permissible purpose for which the proponent is offering the evidence it may not be. For

---

[2]The defendant in *Prior* was charged with indecent exposure, and the state introduced evidence of two other incidents where he had exposed himself. The court noted there was no argument that the exposure was accidental, so the other incidents were not admissible.

instance, where intent is a material issue and it is not inferrable from the act itself, evidence of other acts probative of such intent is relevant and the trial court's decision to admit such evidence is proper. Where the state's direct evidence, however, clearly shows the intent element of the crime and that evidence is uncontradicted by the defendant or not undermined by cross-examination of the state's witnesses, the offer of other crimes is unjustified due to lack of relevancy.

More recently, in *Carter v. State*, 145 S.W.3d 702 (Tex. App. - Dallas, 2004), the defendant was charged with delivery of more than 4 grams of cocaine. An undercover officer testified that he purchased cocaine from the defendant approximately two weeks before his arrest, and that was the offense he was indicted for. The Defendant was arrested following the execution of a search warrant at the house where the sale was made. He did not live at the house, but was present when the warrant was executed. Het did not have any drugs on him, but the officers found cocaine in a back room and marijuana in the den area. The state was allowed to introduce evidence of the cocaine and marijuana found at the time of arrest. The court addressed the admissibility of the evidence on the issue of intent and held that such evidence is not admissible merely because intent is an element of the crime. Carter's defense was that he was wrongly identified, and was somewhere else when the offense was committed. As the court noted, he "did not argue that he sold the cocaine but did not know it was cocaine, or that he did not intend to sell it", and concluded the extraneous offense should not have been admitted.

Appellant never claimed that he did not know what the pills were, or that he possessed the pills but didn't intend to sell them. Instead, he argued that he did not possess

3

them, and that they belonged solely to Mozee. The contested issue was possession, and not intent to deliver. As such, the prior deliveries should not have been admitted, since they were not relevant to a contested issue in the case.

A fundamental tenet of the criminal justice system is that an accused should be tried only for the offense for which he is charged and not his criminal propensities. *Owens v. State*, 827 S.W.2d 911 (Tex. Crim. App. 1992) A defendant should not be tried for being a criminal generally. *Albrecht*. To be admissible, evidence of other crimes must have relevance apart from its tendency to prove character conformity. *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990). Appellant suggests the only relevance the extraneous offenses had in this case was to establish he was a drug dealer. There was no testimony that Mozee participated in the prior transactions, or that appellant stored or kept drugs at her apartment. Nor was there any evidence that anyone had ever seen drugs at her apartment, or that any of the deliveries had taken place there. Without something establishing a logical link between Mozee's apartment and the deliveries, the deliveries have no relevance to the issue of whether appellant knew there were drugs in the apartment. Appellant suggests the court erred in holding the extraneous offenses were admissible simply because appellant was charged with a possession offense, and for that reason review should be granted.

## REASON FOR REVIEW NUMBER TWO

THE COURT OF APPEALS IN FAILING TO ADDRESS THE SIGNIFICANCE AND WEIGHT GIVEN TO THE EXTRANEOUS DELIVERIES IN FINDING THE PROBATIVE VALUE OF SUCH EVIDENCE WAS NOT SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE

Even if extraneous offenses are relevant and admissible under Rule 404(b), the evidence can still be excluded under Rule 403, TEX. R. CRIM. EV. if the probative value of the extraneous offense is "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, or misleading the jury". *Id.* While the Court set forth the proper factors to consider, appellant suggests the court did not consider the significance of the evidence, and the importance placed on the extraneous deliveries. In holding the evidence did not cause the jury to be confused or distracted, the Court simply pointed to the fact that evidence affirmatively links appellant to the pills. Appellant suggests that basically amounts to a holding that evidence was unduly prejudicial because there evidence of his guilt. Clearly, that is not the proper inquiry.

There is no dispute that issue was whether appellant possessed the drugs in the apartment. The issue emphasized by the State however was that appellant was a drug dealer. The Court need only review the State's final argument to establish the significance placed on the extraneous deliveries by the State. The State's argument was that appellant was a drug dealer, and therefore the drugs must be his. They did that through the following comments:

- The only way Lamont Stewart is not guilty of this crime is that David Starr made all of this up. That's the only way. Everything he told us about going and

5

watching Lamont Stewart do buys 12 times before – and that's just working up to a search warrant. (4 R.R. 193)

- That even though the defendant had 12 buys of what was believed to be TFMPP, that he just happened to have a girlfriend who also just happened to be addicted to the same drug. And so, when he went over to her house, he didn't know the same guy that on 12 different occasions had sold drugs to confidential informants, he didn't know there were drugs over there. (4 R.207)
- The defense would have you believe that the defendant just happened to there when the law enforcement just happened to be looking for Ecstasy he had been selling. *Id.*
- What do we know about this case? The defendant on 12 separate occasions sold to an undercover officer TFMPP. Those were tested by a test kit that's used nationwide. And they tested positive. A search warrant was drawn up. The defendant was found in a house with TFMPP, 21 pills. Which you heard multiple people say is not a user amount of drugs. That is a seller amount. That is a dealer amount. Exactly what he is. He is a dealer. (4 R.R. 208-09)
- He's going to put it on the cops saying, well, you didn't really test things. You know you didn't really, you know, connect the 12 buys to this one. (4 R.R. 210)

When considering all the factors, appellant suggests that whatever probative value the extraneous deliveries had was substantially outweighed by the danger of unfair prejudice. Appellant suggests the Court erred in not focusing on the prejudice caused by the introduction of such evidence, and instead focusing on the other evidence of guilt.

REASON FOR REVIEW NUMBER THREE

THE COURT OF APPEALS ERRED IN HOLDING THE STATE WAS NOT REQUIRED TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT WHO PARTICIPATED IN PRIOR PURCHASES OF PILLS FROM APPELLANT WHERE SUCH EVIDENCE WAS THE PRIMARY EVIDENCE USED TO ESTABLISH APPELLANT'S KNOWLEDGE AND INTENT

As set forth above, the State offered evidence of 12 separate deliveries made by appellant. Testimony about those transactions was offered through Waco Police officer

6

David Starr. He testified that he used two confidential informants to make purchases from appellant. (4 R.R. 56) He described how he would provide the informants with money after they set up the transaction, follow them to their meeting with appellant, and collect the drugs after the buy was made. (4 R.R. 59 – 62) Appellant asked Starr who the two informants were, and the State objected. (4 R.R. 65) The State argued the identity of the informants was protected under Rule 508, TEX. R. CRIM. EV. After extended argument, the Court held the identity of the informant was not necessary to a fair determination of guilt, and granted the state's objection. (4 R.R. 65-74)

The Court of Appeals held that disclosure of the informant was not" necessary to a fair determination of the issue of guilt, innocence." *Bodin v. State*, 807 S.W.2d 313 (Tex. Crim. App. 1991) Appellant suggests that this case differs from most cases raising this issue because the informant was involved in extraneous transactions, and not the actual offense alleged in the indictment. Both the trial court and the Court of Appeals focused on the importance of the informant in deciding whether appellant possessed the drugs in the apartment. Appellant suggests that was error.

Appellant also suggests this case is unique, since the extraneous transactions were such a significant part of the State's case. Basically, the State's position was that the extraneous deliveries were essential to establish guilt. Thus, if appellant was not guilty of those, he would not be guilty of the indicted offense. In that situation, appellant suggests the informant's identity was necessary to fair determination of guilt, and should have been

7

disclosed. Appellant suggests the Court erred in failing to focus on the significance of the extraneous offenses, and for that reason review should be granted.

## PRAYER

WHEREFORE, APPELLANT PRAYS the court grant this petition, reverse the decision of the Court of Appeals and remand the case for further consideration.

Respectfully Submitted,

/S/ Walter M. Reaves, Jr.
Walter M. Reaves Jr.

100 N. 6th Street, Suite 802

Waco, Texas 76701

(254) 296-00020

FAX # (877) 726-4411

TBA#16644200

walterreaves@att.net

Attorney for Defendant

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing petition for discretionary review has been delivered to Abel Reyna, District Attorney for McLennan County, Texas, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, on this the 21st day of August, 2015

/S/ Walter M. Reaves, Jr.
Walter M. Reaves Jr.



IN THE
TENTH COURT OF APPEALS

No. 10-14-00183-CR

LAMONT RENARD STEWART,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-179-C2

## MEMORANDUM OPINION

In four issues, appellant, Lamont Renard Stewart, challenges his conviction for unlawful possession of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). Specifically, appellant argues that: (1) the trial court erred in admitting evidence of extraneous offenses involving him selling controlled substances to confidential informants; (2) the prejudicial effect of the extraneous drug-offense evidence outweighed its probative value; (3) the disclosure of

the identities of the confidential informants was required; and (4) the evidence supporting his conviction is insufficient. We affirm.

## I. BACKGROUND

After receiving information that appellant was selling ecstasy, Detective David Starr of the Waco Police Department's narcotics unit began a five-month investigation into appellant's actions. During this investigation, Detective Starr conducted twelve "controlled buys," which involved appellant selling ecstasy pills to confidential informants. The "controlled buys" occurred at several locations, including the apartment of appellant's girlfriend, Jeanetta Mozee. And on at least four of the "controlled buys," Mozee accompanied appellant to the location of the drug deal.

Armed with the information obtained from the "controlled buys," Detective Starr was able to obtain a warrant to search appellant's house and Mozee's apartment. On the day of the search, investigators observed appellant leave his house in a Suburban to drive to Mozee's apartment. Once appellant had entered Mozee's apartment and shut the door, a SWAT team entered Mozee's apartment.

After the SWAT team secured the premises, Detective Starr entered the apartment, and on the kitchen counter, he observed appellant's keys and a plastic bag that appellant had carried into the apartment. These items were next to a baggie of twenty-one pills that were in plain view on the kitchen counter. Witnesses testified that appellant was in close proximity to the baggie of pills and that appellant had stated the following when he was detained by the SWAT team: "I don't know what the big deal is, it's just 10 to 15 Ecstasy pills that I sell for, like, $3.00." The SWAT team also found $1,211 in cash on

appellant's person and a key to Mozee's apartment on a keychain in appellant's pocket. A subsequent test of the pills contained in the baggie revealed that the baggie contained 4.67 grams of 1-(3-trifluoromethylphenyl piperazine) or TFMPP, which, as Detective Starr testified, is similar to ecstasy.[1] Later, investigators searched the center console armrest of one of appellant's vehicles and found digital scales that are commonly used in the drug trade. Thereafter, appellant was charged with unlawful possession of a controlled substance with intent to deliver. *See id.*

This case proceeded to trial, and at the conclusion of the evidence, the jury found appellant guilty of the charged offense. Appellant pleaded "true" to two enhancement paragraphs contained in the indictment referencing appellant's prior felony convictions for possession of a controlled substance with intent to deliver and aggravated assault. At the conclusion of the punishment phase, the jury sentenced appellant to sixty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice with no fine. The trial court certified appellant's right of appeal, and this appeal followed.

---

[1] When asked about TFMPP, Detective Starr noted:

It's a—it's a drug that mimics Ecstasy, MDMA, methylenedioymethamphetamine. It's not the same drug, but it mimics it. It has some of the same side effects as Ecstasy. It creates a euphoria type of experience for the drug users. Sometimes it will last—it takes 20 to 30 minutes to take affect [sic]. Sometimes it will last three to four hours.

Detective Starr later admitted that the terms Ecstasy and TFMPP are often used interchangeably and that the drugs look alike. He also affirmed that because Ecstasy and TFMPP are so similar, "dealers often think they have Ecstasy so they will call something Ecstasy when in fact it is TFMPP."

## II.    EXTRANEOUS DRUG-OFFENSE EVIDENCE

In his first two issues on appeal, appellant complains about the admission of extraneous drug-offense evidence pertaining to the "controlled buys." More specifically, appellant asserts that the trial court erred in admitting evidence of the "controlled buys" because the evidence portrayed him as a drug dealer, and because neither intent nor knowledge were contested issues. Additionally, appellant contends that the probative value of admitting evidence of the "controlled buys" was outweighed by its prejudicial effect and allowed the jury to convict appellant for being a drug dealer in general, rather than for the charged offense.

### A.    Standard of Review

We review the trial court's admission of extraneous-offense evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). A trial court's ruling on the admissibility of an extraneous offense is generally within this zone if the evidence shows that: (1) an extraneous transaction is relevant to a material, non-propensity issue; and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *De La Paz*, 279 S.W.3d at 344. "Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling." *Id.*

## B.     Texas Rule of Evidence 404(b)

Texas Rule of Evidence 404(b) expressly provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the defendant in order to show he acted in conformity therewith. TEX. R. EVID. 404(b). This rule codifies the common-law principle that a defendant should be tried only for the offense for which he is charged and not for being a criminal generally. *See Rogers v. State*, 853 S.W.2d 29, 32 n.3 (Tex. Crim. App. 1993); *see also Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008) (explaining that a defendant is generally to be tried only for the offense charged, not for any other crimes).

Extraneous-offense evidence, however, may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). The list of examples in Rule 404(b) is not exhaustive. *See Prible*, 175 S.W.3d at 731. For example, extraneous-offense evidence may be admissible to demonstrate conduct by a defendant that indicates a consciousness of guilt. *See Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.); *see also Urtado v. State*, 605 S.W.2d 907, 915 (Tex. Crim. App. 1980). An extraneous offense may also be admissible to show identity when identity is at issue in the case, or when the defense cross examines witnesses or alleges that someone else committed the crime. *See Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006); *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). "Whether extraneous[-]offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court."

*Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). The trial court's Rule 404(b) ruling admitting evidence is generally within the zone of reasonable disagreement "if there is evidence supporting that an extraneous transaction is relevant to a material, non-propensity issue." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

Here, the State introduced evidence of appellant's prior sales of ecstasy to show his intent, knowledge, and possession in this case. Appellant contends that the evidence should have been excluded because neither intent nor knowledge were contested, and because the evidence portrayed appellant as a drug dealer. Appellant's appellate arguments are belied by the testimony adduced at trial.

Specifically, as acknowledged in his brief, appellant's defense at trial was that the pills found on Mozee's kitchen counter were not his and instead belonged to Mozee. Furthermore, through questioning of witnesses, appellant attempted to demonstrate that the pills were for personal use and were not intended to be distributed. This shows that appellant's intent, knowledge, and possession were indeed at issue in this case. And in any event, such a contention is without merit because the "State has the burden of proving the essential elements of the offense beyond a reasonable doubt regardless of whether the defendant chooses to contest any of those elements." *Payton v. State*, 830 S.W.2d 722, 730 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

"Knowledge (or criminal intent) is an essential element of the crime of possession of a narcotic drug. Evidence that the accused has, in the past, sold the narcotic of which he is now alleged to have possession is of probative value in establishing knowledge." *Arnott v. State*, 498 S.W.2d 166, 176 (Tex. Crim. App. 1973) (internal citations omitted); *see*

*Mason v. State*, 99 S.W.3d 652, 656 (Tex. App.—Eastland 2003, pet. ref'd) (finding no abuse of discretion in admitting extraneous drug-offense evidence to show that the defendant knowingly possessed cocaine); *Payton*, 830 S.W.2d at 730 ("Clearly, evidence that appellant sold cocaine approximately two days before his arrest is relevant to whether he possessed cocaine with intent to deliver."); *see also Banal v. State*, No. 08-11-00032-CR, 2012 Tex. App. LEXIS 10661, at **10-12 (Tex. App.—El Paso Dec. 21, 2012, no pet.) (mem. op., not designated for publication) (concluding that the trial court did not abuse its discretion in admitting extraneous drug-offense evidence of an undercover buy made by the defendant the day before a search warrant was executed).

Detective Starr testified that he observed twelve "controlled buys" between appellant and confidential informants and that the pills found on the kitchen counter in Mozee's apartment are similar to and are often confused with appellant's drug of choice—ecstasy. We conclude that this extraneous drug-offense evidence was relevant to show that appellant had knowledge of the pills found on the kitchen counter of Mozee's apartment and that he possessed them with intent to deliver.[2] *See* TEX. R. EVID.

---

[2] Appellant also argues that the complained-of extraneous drug-offense evidence constitutes improper propensity evidence. We are not persuaded by this argument, especially in light of *Arnott, Mason, Payton*, and *Banal*—all of which allow for the admission of extraneous drug-offense evidence to show intent, knowledge, and possession. *See Arnott v. State*, 498 S.W.2d 166, 176-77 (Tex. Crim. App. 1973); *Mason v. State*, 99 S.W.3d 652, 656 (Tex. App.—Eastland, pet ref'd); *Payton v. State*, 830 S.W.2d 722, 730 (Tex. App.—Houston [14th Dist.] 1992, no pet.); *see also Banal v. State*, No. 08-11-00032-CR, 2012 Tex. App. LEXIS 10661, at **10-12 (Tex. App.—El Paso Dec. 21, 2012, no pet.) (mem. op., not designated for publication). And as we describe later, we are not convinced that the complained-of extraneous drug-offense evidence confused or distracted the jury or suggested a decision on an improper basis. *See* TEX. R. EVID. 403; *see also Newton v. State*, 301 S.W.3d 315, 319 (Tex. App.—Waco 2009, pet. ref'd).

404(b); *Arnott*, 498 S.W.2d at 176-77; *Mason*, 99 S.W.3d at 656; *Payton*, 830 S.W.2d at 730; *see also Banal*, 2012 Tex. App. LEXIS 10661, at **11-12.

## C. Texas Rule of Evidence 403

Evidence, though relevant, can nonetheless be excluded when its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Once a trial court determines that extraneous-offense evidence is admissible under Rule 404(b), the trial court must, on proper objection by the opponent of the evidence, weigh the probative value of the evidence against its potential for unfair prejudice. *Montgomery v. State*, 810 S.W.2d 377, 389 (Tex. Crim. App. 1990); *see* TEX. R. EVID. 403. Rule 403 favors admissibility of relevant evidence, and the presumption is that generally, relevant evidence will be more probative than unfairly prejudicial. *Montgomery*, 810 S.W.2d at 389. Unfair prejudice does not mean the evidence injures the opponent's case—"the central point of offering evidence." *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). "Rather[,] it refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)).

Although not limited to the following enumerated factors, courts should balance the following factors under a Rule 403 analysis: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Prible*, 175 S.W.3d at 733. The trial court is presumed to have conducted the

proper balancing test if it overrules a 403 objection, regardless of whether it conducted the test on the record. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1995).

As stated earlier, appellant's defense was that the pills were Mozee's and that, based on the quantity, the pills were for personal use, not for distribution. As such, appellant's intent, knowledge, and possession were clearly at issue in this case. The State had a need for the complained-of extraneous drug-offense evidence because it was probative on the issue of appellant's intent, knowledge, and possession of the pills. Specifically, the complained-of evidence was used to prove the State's possession-with-intent-to-deliver case and refute appellant's defensive theory. Furthermore, although some time was spent developing the complained-of drug-offense evidence, the testimony was limited to Detective Starr and a few questions of Mozee. Nevertheless, based on our review of the record, we do not believe that the complained-of evidence caused the jury to be confused or distracted or caused the jury to give the evidence undue weight, especially because, as we conclude later, the evidence affirmatively links appellant to the pills.

Rule 403 "envisions exclusion of [relevant] evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'" *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)). We cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the complained-of evidence and its probative value. *See id.; see also Conner*, 67 S.W.3d at 202. Thus, we cannot conclude that the trial court abused its discretion in admitting the complained-of

evidence over appellant's Rule 403 and 404(b) objections. *See* Tex. R. Evid. 403, 404(b); *see also De La Paz*, 279 S.W.3d at 343; *Prible*, 175 S.W.3d at 731. We overrule appellant's first two issues.

### III.   IDENTITY OF THE CONFIDENTIAL INFORMANTS

In his third issue, appellant asserts that the disclosure of the identity of the confidential informants was necessary for a fair determination of guilt because, though not directly involved in the charged offense, the informants were an integral part of the State's case.

#### A.   Standard of Review

We review a trial court's ruling on a defendant's motion to disclose the identity of a confidential informant for an abuse of discretion. *See Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *see also Haggerty v. State*, 429 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)). Under this standard, a trial court's decision will not be disturbed on appeal unless it falls outside the "zone of reasonable disagreement." *Haggerty*, 429 S.W.3d at 8. We do not substitute out judgment for that of the trial court, but instead, determine whether the trial court's decision was arbitrary or unreasonable. *Portillo v. State*, 117 S.W.3d 924, 928 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

#### B.   Discussion

The State has the "privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer . . . conducting an investigation." Tex. R. Evid. 508(a).

There are three exceptions to this privilege, one of which appellant claims is applicable here. *See id.* at R. 508(c).

The "Testimony of Merits" exception requires disclosure of an informant's identity if it appears from the evidence in the case or from other showing by a party that the informant may be able to give testimony necessary to a fair determination of a material issue on guilt or innocence in a criminal case. TEX. R. EVID. 508(c)(2). The burden is on the defendant to show that the informant's testimony may be necessary to a fair determination of guilt or innocence; mere conjecture or supposition about possible relevancy is insufficient. *See Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991); *see also Rust v. State*, No. 12-13-00157-CR, 2014 Tex. App. LEXIS 8532, at *4 (Tex. App.— Tyler Aug. 6, 2014, no pet.) (mem. op., not designated for publication). As stated in *Bodin*, the informant's testimony must "significantly aid the defendant." 807 S.W.2d at 318. However, courts have recognized that because the defendant actually may not know the nature of the informant's testimony, he is required to make only a "plausible showing of how the [informant's] information may be important." *Id.; see, e.g., Rust*, 2014 Tex. App. LEXIS 8532, at *4.

The defendant has the initial burden of demonstrating that the informant's identity must be disclosed. *Blake v. State*, 125 S.W.3d 717, 728 (Tex. App.—Houston [1st Dist.] 2003, no pet.). If the defendant meets his burden, the trial court must hold an in-camera hearing to provide the State with an opportunity to present facts that rebut the defendant's preliminary showing. *See Bodin*, 807 S.W.2d at 319.

In response to appellant's request for the State to disclose the identities of the informants used in the "controlled buys," the trial court asked how the disclosure of the informants' identities was necessary to a fair determination of guilt or innocence, and appellant argued the following:

> Well, my theory is it is highly prejudicial and it's going to inflame the jury. It's going to—it's an attempt by the State to bolster their case by extraneous evidence. And—and, you know, they're trying to show, well, Mr. Stewart is a drug dealer, therefore, you know, he was there and these pills were there, so he had to know they were there. I don't think that it—I agree with you. I don't think that it does have any direct bearing on whether or not he possessed these pills on December the 7th. But the prejudicial effect and the fact that it just bolsters the case against my client, that's what I believe is—is—is the detriment here.

Later, the trial court asked appellant "if you have any other ideas on how it would be plausible or what would make a plausible showing, let me know now." Appellant responded,

> Judge, I—without more information, I have no idea what I could be—what could be developed as far as a plausible showing of a—of any evidence that might be beneficial to the defense. Because I—I don't—I mean—you know, this is a circular argument. I realize that. But without knowing who they are, I can't—I can't—I can't tell you that I—that there may be a—you know, some evidence that would be beneficial to the defendant to the defense in this case. I don't know how to put it any other way.

At this point, the trial court sustained the State's objection to the disclosure of the identities of the informants.

A review of the record reveals that appellant admits that the identities of the informants do not have any bearing on whether appellant possessed the drugs on the date in question. *Compare Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991) ("Whenever it is shown that an informant was an eyewitness to an alleged offense then

certainly that informant can in fact give testimony 'necessary to a fair determination of the issues of guilt, innocence.' Thus, we hold that appellant was entitled to disclosure of the informant's identity and the trial court erred in failing to instruct the officer to disclose such or to proceed with the procedures delineated in Rule 508(c)(2)."), *with Long v. State*, 137 S.W.3d 726, 732-33 (Tex. App.—Waco 2004, pet. ref'd) (concluding that an informant who supplied information establishing probable cause for the issuance of a search warrant was not a material witness in a controlled-substance case that arose from the execution of the warrant because the informant was not present during the search, and because the evidence supporting the conviction was supplied by the officer who conducted the search). Moreover, appellant only proffers speculation and conjecture as to the potential relevancy of the identities of the informants. *See Bodin*, 807 S.W.2d at 318; *see also Rust*, 2014 Tex. App. LEXIS 8532, at *4. In other words, appellant was not able to articulate any plausible showing to the trial court when specifically asked how the disclosure of the informants' identities would be necessary to a fair determination of guilt or innocence. *See* TEX. R. EVID. 508(c)(2); *Bodin*, 807 S.W.2d at 318; *see also Rust*, 2014 Tex. App. LEXIS 8532, at *4. Accordingly, we cannot say that appellant has met his burden of demonstrating that the informants' identities must be disclosed. *See Blake*, 125 S.W.3d at 728. We overrule appellant's third issue.

## IV. EVIDENTIARY SUFFICIENCY

In his fourth issue, appellant complains that the evidence supporting his conviction is insufficient. More specifically, appellant argues that the evidence is

insufficient to prove possession because the controlled substance was found in Mozee's apartment, and because Mozee claimed possession.

## A.    Standard of Review

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder

is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

The elements for possession of a controlled substance with intent to deliver are that the defendant: (1) possessed a controlled substance in the amount charged; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38) (West Supp. 2014), 481.112(a); *see also Erskine v. State*, 191 S.W.3d 374, 379 (Tex. App.—Waco 2006, no pet.) (citing *Nhem v. State*, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). When the defendant is not in exclusive possession of the place where the controlled substance is found, the State must also show that the defendant is affirmatively linked to the controlled substance. *Haggerty*, 429 S.W.3d at 5.

**B.      Discussion**

It is undisputed that this is an affirmative-links case. An affirmative link generates a reasonable inference that the defendant knew of the contraband's existence and

exercised control over it. *See Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Courts have identified the following factors that may help to show a defendant's affirmative links to a controlled substance: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the controlled substance; (4) whether the defendant was under the influence of a controlled substance when arrested; (5) whether the defendant possessed other contraband or controlled substances when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place whether the controlled substances was found; (12) where the location of the controlled substance was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). No set formula necessitates a finding of an affirmative link sufficient to support an inference of knowing possession. *See Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Affirmative links are established by the totality of the circumstances. *See Wootton v. State*, 132 S.W.3d 80, 87 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The number of factors present is not as important as the logical force the factors create to prove the defendant knowingly possessed the controlled

substance. *See Black v. State*, 411 S.W.3d 25, 28-29 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In the instant case, the evidence showed that the twenty-one pills were found in plain view on Mozee's kitchen counter and within ten feet from where appellant was detained by the SWAT team. Investigators also testified that the keys to appellant's vehicle and a plastic bag that appellant had carried into the apartment were found on the counter next to the pills. Additionally, two baggies of marihuana were found in plain view in the kitchen and in close proximity to appellant. Moreover, when detained, appellant made incriminating statements to investigators. Specifically, appellant stated: "I don't know what the big deal is, it's just 10 to 15 Ecstasy pills that I sell for, like, $3.00." Investigators also found a large amount of cash on appellant's person—$1,211—and a key to Mozee's apartment on a keychain contained in appellant's pocket. Furthermore, Detective Starr testified that he observed appellant use the key to gain access to Mozee's apartment on multiple occasions during the five-month investigation into appellant's drug dealing. Investigators also found that appellant had digital scales—commonly used in the drug trade—in one of his vehicles and that appellant had communicated with people via text message about drug deals.[3] And finally, Detective Starr recounted the twelve "controlled buys" that appellant had made with informants.

---

[3] State's Exhibit 10 showed the following exchange, as it appeared on his cell phone, that appellant had with an unknown source:

Incoming:     Yu got tabs bro . . .

Outgoing:     Yeah, how many

Based on the foregoing evidence, we cannot say that appellant's connection to the seized pills was merely fortuitous. *See Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005) (noting that the State "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. This is the whole of the so-called 'affirmative links' rule"). The foregoing evidence demonstrates appellant's involvement with drugs. *See Evans*, 202 S.W.3d at 162 (stating that, among other things, mere presence at the location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs); *Poindexter*, 153 S.W.3d at 405; *see also Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (noting that evidence which links the defendant to the controlled substance suffices for proof that he possessed it knowingly). As such, we conclude that the evidence links appellant to the seized pills. *See Evans*, 202 S.W.3d at 162; *Poindexter*, 153 S.W.3d at 405; *Brown*, 911 S.W.2d at 747; *see also Black*, 411 S.W.3d at 28-29.

Nevertheless, appellant emphasizes on appeal that he did not exercise care, custody, or control over the pills because Mozee stated that the pills were hers. However, a review of the testimony shows that Mozee initially told investigators that she did not know anything about the pills and denied that they were hers. She later changed her story to contradict her initial statement. In any event, we note that it is within the province of the factfinder, the jury here, to judge the credibility of the witnesses. *See*

---

Incoming:     Prolly three . . . gone have to meet yu in bout a hour.

Outgoing:     K just call[.] I'm ready.

*Chambers*, 805 S.W.2d at 461. This means that the jury was entitled to believe all, some, or none of the testimony presented by the parties. *See id.* And because it is within the province of the jury, we are to defer to the jury's resolution of conflicts in the evidence. *See Jackson*, 443 U.S. at 329, 99 S. Ct. at 2792-93; *see also Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); *Render v. State*, 316 S.W.3d 846, 859 (Tex. App.—Dallas 2010, pet. ref'd) ("An appellate court must give deference to a jury's decision regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an evaluation of credibility and demeanor, which the jury is in a better position to judge."). With its guilty verdict, the jury resolved any conflicts in Mozee's statements in favor of the prosecution.

Accordingly, viewing the evidence in the light most favorable to the jury's verdict, we cannot say that the evidence is legally insufficient to support appellant's conviction. *See* Tex. Health & Safety Code Ann. § 481.112(a); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894. We overrule appellant's fourth issue.

## V. Conclusion

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 18, 2015
Do not publish
[CRPM]



IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

| | | |
|---|---|---|
| LAMONT RENARD STEWART | * | |
| Appellant | * | |
| | * | |
| vs. | * | No. _____ |
| | * | COA #10-14-00183-CR |
| | * | |
| | * | |
| THE STATE OF TEXAS | * | |
| Appellee | | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3), I hereby certify that the Appellant's brief filed in this cause

contains 3,115 words. The document was prepared using Wordperfect 12, and the word count

was generated using that program.

/S/ Walter M. Reaves, Jr.
Walter M. Reaves, Jr.
100 N. 6th Street, Suite 802
Waco, Texas 76701
(254) 296-0020
FAX (877) 726-4411
TBA# 16644200

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing certificate was mailed to the
Office of the District Attorney for McLennan County, Texas, on 21st of August, 2015

/S/ Walter M. Reaves, Jr.
Walter M. Reaves, Jr.